UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, | C.A. No. 04-145ML |
| V. | |
| KEITH ROBINSON PAINTING, INC. | |
| V. | |
| O. AHLBORG & SONS, INC. | |

**KEITH ROBINSON PAINTING, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR PREJUDGMENT ATTACHMENT**

Defendant, Keith Robinson Painting, Inc. ("Robinson") hereby submits its supplemental memorandum to reply to several inaccurate statements set forth in Plaintiff's Reply Memorandum.

Last fall, Magistrate Judge Robert Lovegreen spent several days with the parties in this matter, as well as a related matter pending in the United States District Court for the District of Columbia, and a Rhode Island State Court action involving these parties in an attempt to globally resolve the claims between all of the parties. It was through that process that the parties came very close to settling the entire dispute with respect to all three lawsuits. Unfortunately, a global settlement could not be reached because of the Plaintiff's position that they would not settle the case for the amount that O. Ahlborg & Sons, Inc. ("Ahlborg") offered in good faith.

Despite the breakdown in settlement negotiations, counsel for Robinson continued to negotiate with the International Union in the matter in the District of Columbia, with the help of the Federal District Court Judge assigned the case in the District of Columbia. Through these efforts, a settlement agreement was reached between the parties. The agreement included that the amounts owed by Robinson to the International Union, which Robinson alleges are truly owed by Ahlborg, would be pursed in the arbitration with Ahlborg.

Plaintiff in this matter had every opportunity to enter into a settlement agreement with defendant, but refused to do so under the terms outlined by Third Party Defendant, Ahlborg. Despite the breakdown of settlement negotiations, counsel for Robinson indicated throughout settlement negotiations and to the present time that the amounts owed by Robinson to the Plaintiff's claim in this matter would be one of the damage components asserted in the arbitration proceedings against Ahlborg, independently of the amount owed to the International Union in the case pending in Federal District Court in the District of Columbia. They are separate claims and they will be prosecuted separately in the arbitration against Ahlborg. One claim does not preclude the other, as counsel suggests.

Counsel for Robinson continues to maintain that the amounts owed by Robinson in this matter, which are owed to Robinson by Ahlborg, will be pursued in the arbitration claims against Ahlborg, and Robinson will in good faith negotiate with the Plaintiff, following arbitration concerning amounts to be paid to Plaintiff from the arbitration award. There has never been a promise by Robinson to pay the Union "all amounts owed" as stated in page 2 of Plaintiff's Memorandum. Indeed, the position of Robinson has consistently been that depending on the outcome of any settlement with Ahlborg and/or a judgment against Ahlborg after arbitration, Robinson will pay creditors who are owed from the arbitration award, and attorney's fees will be paid from the proceeds as well. Counsel never advised Plaintiff's counsel that this matter has

been taken on a "pro bono" basis. It is true that attorney's fees have not been paid and are owing, but this is not a "pro bono" case, nor has counsel ever represented to anyone that it is a "pro bono" case. Counsel has not been paid a substantial portion of the attorney's fees expended in this matter and should not have to stand behind the Plaintiff in receiving those awards when it is counsel's efforts that will eventually provide any sums recovered from Ahlborg for the amounts owed.

For the foregoing reasons, as well as the reasons enunciated in Robinson's Objection to Plaintiff's Motion for Prejudgment Attachment, Robinson respectfully requests that this Court deny Plaintiff's Motion.

KEITH ROBINSON PAINTING, INC.
By its Attorneys,

Linn F. Freedman

Linn F. Freedman, Esq. (#4778)
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: 401-454-1108
Facsimile: 866-807-6614

Dated: June 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 2 day of June, 2005, I mailed a true copy of the within to:

Marc B. Gursky, Esq.
Gursky Law Associates
18 Imperial Place, Suite 1D
Providence, RI 02903

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Susan Gueremont