UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, | C.A. No. 04-145ML |
| V. | |
| KEITH ROBINSON PAINTING, INC. | |
| V. | |
| O. AHLBORG & SONS, INC. | |

**KEITH ROBINSON PAINTING, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION FOR PREJUDGMENT ATTACHMENT**

On April 12, 2005, the Plaintiffs in the above-captioned matter filed a Motion for Prejudgment Attachment on the assets of Defendant Keith Robinson Painting, Inc. ("Robinson"). An Objection to that Motion was timely filed, and the matter was set down for hearing on June 7, 2005.

At the hearing, this Honorable Court essentially denied the Plaintiffs' Motion for a Prejudgment Attachment, but suggested that the award, if any, in the arbitration between Robinson and O. Ahlborg & Sons, Inc. ("Ahlborg") be deposited into the Court Registry.

Both counsel for Ahlborg, and the undersigned expressed concern that requiring the award to be paid into the Court Registry might violate the Stay of these proceedings that had been previously issued by Judge Lisi. In addition, the undersigned expressed a concern that requiring Robinson to place the award in this Court's Registry might violate the terms of a certain joint Consent Order and Stipulation for Entry of Consent Order and Judgment between Robinson and the International Painters & Allied Trades Industry Pension Fund in a matter pending the United States District Court for the District of Columbia (International Painters & Allied Trades Industry Pension Fund v. Keith Robinson Painting, Inc., C.A. No. 04-370(JDB)). Copies of the joint Stipulation and the Consent Order and Judgment are attached hereto as Exhibits A and B[1]

As a result of these concerns, the Court suggested that this matter be continued until June 16, 2006, to allow the parties to further inform the Court as to their concerns regarding the Court's proposed resolution of this matter. In addition, the Court suggested that it would consult with Judge Lisi regarding the potential conflict between this Order, and the Stay that Judge Lisi had previously issued.

It is Robinson's position that, while it has no objection to paying any potential arbitration award into this Court's Registry, there are several factors that this Court must consider. The first and second have been described above and relate to Judge Lisi's Stay, and the action pending in the United States District Court for the District of Columbia. The third issue relates to certain State court actions that also involve Robinson and O. Ahlborg & Sons, Inc. that will also be the subject of an arbitration between those parties. Currently, both Sherwin Williams and Beacon

[1] Due to the electronic filings requirements in the United States District Court for the District of Columbia, signed copies of these agreements are not available. However, the Order and Stipulation have both been filed and docketed in the United States District Court for the District of Columbia.

Insurance Company have claims pending against Robinson in the State Court of Rhode Island. In those two (2) cases, as in the instant one, Robinson has responded by alleging that the monies allegedly due and owing both Sherwin Williams and Beacon Mutual Insurance Company are sums that were expected to be paid directly by Ahlborg. Accordingly, the arbitration between Robinson and Ahlborg involves, not only the matters pending before this Court, but also matters pending before the State Court. As such, it is possible that this Court would lack jurisdiction over the arbitration as it relates to the State Court claims.

If the arbitration could be structured in such a way that each of the independent claims, (i.e. the instant claim, the claim by the International Painters and Allied Trades Industry Pension Fund, the claim by Sherwin Williams, and the claim by the Beacon Mutual Insurance Company) could all be considered separately by the arbitrator, then there would be no issue with respect to whether the award relating solely to the instant claim could be paid into the Court Registry, and any awards for the other claims could be paid to the plaintiffs in the other matters.

In conclusion, Robinson does not object to the Court's proposed resolution of this issue as long as it does not jeopardize Robinson's position in the other actions, or subject Robinson to new causes of action as a result of this Court's actions. However, for the reasons expressed at the previous hearing on this matter and for the reasons set forth in Robinson's Memoranda of Law, Robinson does object to any order allowing the Plaintiffs to attach any of Robinson's assets prior to the conclusion of this case.

KEITH ROBINSON PAINTING, INC.
By its Attorneys,

Linn F. Freedman /JSB
Ian C. Ridlon /JSB

Linn F. Freedman, Esq. (#4778)
Ian C. Ridlon (#5524)
Jeffrey S. Brenner (#4369)
Nixon Peabody, LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Telephone: 401-454-1108
Facsimile: 866-807-6614

Dated: June 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2005, I served a true copy of the within Keith Robinson Painting, Inc.'s Supplemental Memorandum in Support of its Objection to Plaintiff's Motion for Prejudgment Attachment via hand delivery to:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

John Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Collette L. Palmer

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>Plaintiff<br>v.<br><br>KEITH ROBINSON PAINTING, INC.<br>a/k/a Keith Robinson Painting<br>a/k/a Keith Robinson, *et al*<br><br>Defendants | ) | CIVIL ACTION NO.<br>04-370 (JDB) |

**CONSENT ORDER AND JUDGMENT**

Upon consideration of the Joint Stipulation for Entry of Consent Order and Judgment, it is ORDERED.

1. Judgment is entered in favor of the International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund" or "Plaintiff") and against Keith Robinson Painting, Inc. a/k/a Keith Robinson Painting a/k/a Keith Robinson ("Company") and Keith Robinson ("Individual Defendant" and together with Company, "Defendants"), jointly and severally, for unpaid contributions, liquidated damages, interest, late fees and attorneys' fees and costs pursuant to 29 U.S.C. §§1132(g)(2), 1145 and 26 U.S.C. §6621 in the amount of $55,641.89 which includes:

| | | |
|---|---|---|
| (a) | Contributions (10/03 - 12/03) | $ 37,961.25 |
| (b) | Liquidated Damages | $ 7,592.25 |
| (c) | Interest (through November 16, 2004) | $ 1,498.91 |
| (d) | Late Fees | $ 752.21 |

| | | | |
|---|---|---|---|
| (e) | Attorneys' Fees and Costs (through January 4, 2005) | | $ 7,837.27 |
| | | TOTAL | $ 55,641.89 |

2. If unpaid contributions set out in ¶1(a) above are not paid in full by November 16, 2004, the Pension Fund may apply to this Court or to the Court in which enforcement is sought for additional interest on the unpaid contributions which shall accrue under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621 from November 16, 2004 until the date they are paid.

3. Individual Defendant, Company, its owners, officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with them shall be and hereby are restrained and enjoined from failing or refusing to file complete, proper and timely remittance reports with all required contributions due and owing to the Pension Fund for all periods for which Company is obligated to do so in accordance with the current and any future collective bargaining agreements to which Company is a party with any local union(s) affiliated with the International Painters and Allied Trades Industry.

4. The Pension Fund shall have the right to conduct an audit of books and records of the Company for all relevant periods for which the Company is obligated to submit remittance reports and/or fringe benefit contributions to the Pension Fund. Individual Defendant, Company, its owners, officers, agents, servants, employees and all persons acting on their behalf or in conjunction with them, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose

of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Defendants shall pay to the Pension Fund the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA and applicable law.

5. The Pension Fund is entitled to reimbursement from Defendants of all attorneys' fees and costs it incurs to enforce this Consent Order and Judgment and may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(e) above. See, 29 U.S.C. §1132(g)(2); Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

6. If Defendants fail to comply with any of the terms of this Consent Order and Judgment, the Pension Fund may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

7. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer upon the request of Plaintiff and payment of any required fee.

BY THE COURT

Dated:______________

JOHN D. BATES, J.
United States District Judge

Copies shall be sent to:

Eric B. Meyer, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Sanford G. Rosenthal, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Louis E. Dolan, Jr.
Nixon Peabody, LLP
Suite 900
401 9th Street, N.W.
Washington, D.C. 20004-2128

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 04-370 (JDB) |
| KEITH ROBINSON PAINTING, INC. a/k/a Keith Robinson Painting a/k/a Keith Robinson, *et al* | ) | |
| Defendants | ) | |

**JOINT STIPULATION FOR ENTRY OF CONSENT ORDER AND JUDGMENT**

It is stipulated and agreed by the undersigned that the attached proposed consent order and judgment may be entered without further notice or hearing.

Plaintiff,
International Painters and Allied
Trades Industry Pension Fund

By its Attorney,

/s/ Eric B. Meyer
Eric B. Meyer
Bar No. 481306
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0660

Dated: January 5, 2005

Defendant,
Keith Robinson Painting, Inc.,
Keith Robinson, individually

By their Attorney,

/s/ Louis E. Dolan
Louis E. Dolan, Esq.
Bar No. 442881
Nixon Peabody LLP
Suite 900
401 9th Street, N.W.
Washington, D.C. 20004-2128
(202) 585-8000

Dated: January 5, 2005