**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195 HEALTH AND WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, Plaintiffs, | C.A. No. 04-145ML |
| v. | |
| KEITH ROBINSON PAINTING, INC., Defendant. | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs International Union of Painters & Allied Trades, District Council No. 11, et. al., through their attorneys, and respectfully move this Court pursuant to Fed. R. Civ. P. 56 to render judgment in their favor in the amount of $150,939.99 as there is no genuine issue as to any material fact and Plaintiffs are entitled to judgment as a matter of law. In support thereof, Plaintiffs offer the accompanying Memorandum of Law and Rule 56.1 Statement of Undisputed Facts.

Respectfully Submitted
PLAINTIFFS
By their Attorney,

Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste C
N.Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

Dated: June 9, 2005

CERTIFICATION

I hereby certify that a true copy of the within was sent via first class, postage pre-paid mail on this 21 day of June 2005 to the following parties:

Linn F. Freedman, Esq.
Nixon Peabody LLP
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195 HEALTH AND WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, Plaintiffs, v. KEITH ROBINSON PAINTING, INC., Defendant. | C.A. No. 04-145ML |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Introduction**

On or about April 27, 2004, Plaintiffs International Union of Painters & Allied Trades, District Council No. 11, et. al. commenced this action against Defendant Keith Robinson Painting, Inc. to collect delinquent contributions owed to employee benefit plans pursuant to Sections 502 and 514 of the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145. Contrary to its contractual and statutory obligations, Defendant has failed to make timely contributions to Plaintiff International Union of Painters and Allied Trades,

District Council No. 11 ("District Council No. 11") Apprenticeship and Training Fund ("Apprenticeship Fund"), Plaintiff Rhode Island Painters and Allied Trades, Local Union 195, Health and Welfare Fund ("Health and Welfare Fund"), and Plaintiff District Council No. 11 Labor Management Partnership Fund ("Partnership Fund") for the period of October, 2003 through December, 2003. Defendant has also failed to remit dues to District Council No. 11 for the period of October, 2003 through December, 2003, in violation of the LMRA, 29 U.S.C. § 185 and the Rhode Island Payment of Wages statute, R.I.G.L. §§28-14-3 and 28-14-3.1.

## Argument

There exist no material facts in dispute here, and the evidence proves that Plaintiffs are entitled to judgment as a matter of law. Pursuant to Fed. R. Civ. P. 56(c), summary judgment shall be granted where, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A party opposing summary judgment must show "that a trialworthy issue exists" and "must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." McCarthy v. Northwest

Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Because every piece of evidence in this case supports Plaintiffs, and Defendant has produced nothing to contradict Plaintiffs' evidence, Plaintiffs' Motion for Summary Judgment must be granted.

## I. DEFENDANT HAS VIOLATED 29 U.S.C. § 1145

There is no dispute that Defendant has failed to timely make contributions to Plaintiffs Apprenticeship Fund and Health and Welfare Fund in accordance with the collective bargaining agreements ("CBA") and trust agreements. See Statement of Undisputed Facts. There is also no dispute that, in failing to make timely contributions, Defendant has also violated federal law. Section 1145 of ERISA provides:

> Every employer who is obligated to make contributions to a multi employer plan under the terms of the plan or under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. §1145.

Section 1145 was enacted in 1980 to "create a federal right of action independent of the contract on which the duty to contribute is based." Malden Mills v. ILGWU Nat. Retirement Fund, 766 F. Supp. 1202, 1215 (D. Mass. 1991). Indeed, "Congress enacted ERISA in part because many employees were being deprived of anticipated benefits, which not only reduced the financial resources of individual employees and their dependents but also undermined the stability of industrial relations generally." Alman v. Danin, 801 F.2d 1, 3 (1st Cir. 1986), citing 29 U.S.C. §1001 [1982] (statement of congressional findings and declaration of policy); H. Rep. No. 807, 93d. Cong. 2d Sess., *reprinted* in 1974 U.S. Code cong. & Ad. News 4670, 4676. Congress also vested Fund trustees with a fiduciary obligation to "prevent participant employers from gaining even temporary use of assets to which the plan is entitled... [by] assuring full and prompt collection of contributions owed to a plan." Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc., 472 U.S. 559, 572-73 (citation and footnote omitted).

Plaintiffs Apprenticeship Fund, Partnership Fund, and Health and Welfare Fund are employee welfare benefit plans within the meaning of ERISA, 29 U.S.C. §1002(1). Accordingly, Defendant's failure to make contributions to the aforementioned

ERISA funds violates not only the language but the spirit of ERISA.

**II. DEFENDANT HAS VIOLATED 29 U.S.C. §185**

There is no dispute that Defendant has failed to remit the dues that were deducted from covered employees' paychecks during the period October, 2003 through December, 2003 to District Council No. 11. See Statement of Undisputed Facts. There is also no dispute that the aforementioned failures constitute a violation of the parties' CBA. See Statement of Undisputed Facts. Pursuant to 29 U.S.C. §185(a), violation of a contract between an employer and a labor organization constitutes a violation of the LMRA. Accordingly, because Defendant has offered no cognizable defense to its violation of the LMRA, Plaintiffs' Motion must be granted.

**III. DEFENDANT HAS VIOLATED R.I.G.L. § 28-14-3 and § 28-14-3.1**

There is no dispute that Defendant has failed to remit the dues that were deducted from covered employees' paychecks during the period October, 2003 through December, 2003 to District Council No. 11. See Statement of Undisputed Facts. R.I. Gen. Laws § 28-14-3 provides that, whenever any employer provides for a payroll deduction for any purpose, the employer shall transfer those funds deducted from its employees' payroll to the appropriate person, agency, partnership, or corporation entitled

to the money deducted, within twenty-one (21) days. Defendant has offered no cognizable defense to its violation of Rhode Island law.

**IV. PLAINTIFFS ARE ENTITLED TO $150,939.99**

**A. Plaintiffs ERISA Funds are Entitled to $64,564.59**

In an action where it is determined that the employer has failed to make the agreed to contributions, certain remedies are mandatory under ERISA. See Malden Mills v. ILGWU Nat. Retirement Fund, 780 F. Supp. 668, 671 (D. Mass 1991). Section 1132 (g)(2) mandates as follows:

> In any action under this title by fiduciary for or on behalf of a Plan to enforce §1145 in which a judgment in favor of the Plan is awarded, the Court shall award the Plan --
> (A) the unpaid contributions
> (B) the interest on the unpaid contributions
> (C) an amount equal to the greater of --
> (i) interest on unpaid contributions or
> (ii) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentages as may be permitted under Federal or State law) of the amount determined by the Court under (A),
> (D) reasonable attorney's fees and the cost of action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the Court deems appropriate.

29.U.S.C. §1132 (g)(2).

Section 1132(g)(2) awards mandatory relief. There is no discretion to be exercised in determining what relief is to be awarded.

**1. Unpaid contributions**

Defendant owes $37,582.53 in unpaid contributions to the Health and Welfare Fund, Apprenticeship Fund, and Partnership Fund. See Summary of Claim, Exhibit 3. Plaintiffs' calculations as to the hours of covered employment performed are based entirely on Defendant's remittance reports. Defendant has produced no records that show Plaintiffs' calculation as to the number of hours worked by Defendant's employees is incorrect, therefore, Plaintiffs' calculation as to the number of hours worked by those employees is conclusive. See Architectural Iron Workers Local No. 63 Welfare Fund v. Brown's Guide Rail & Barrier, 1994 U.S. Dist. LEXIS 12214 (N.D.Ill. 1994). See also Combs v. King, 764 F.2d 818 (11th Cir. 1985) (Pursuant to 29 U.S.C. § 1059(a)(1) an employer has a duty to keep proper records for the purpose of verifying its reporting practices. Thus, once the trust produces evidence raising questions about the employer's records under ERISA, the burden of disproving the trustee's estimate due to failure to keep adequate records shifts to the employer.); Brick Masons Pension Trust v. Indus. Fence & Supply, Inc., 839 F.2d 1333, 1337-38 (9th Cir. 1988) (same). Defendant's mere assertions that it did not fail to pay sufficient contributions is not sufficient to defeat Plaintiffs' Motion for Summary Judgment. "The nonmovant is required to go

beyond the pleadings and conclusory statements, and support his contentions with proper documentary evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

There is also no dispute about the hourly rate due each Fund. Accordingly, there is no dispute about the amount of unpaid contributions.

**2. Interest**

Plaintiffs are entitled to $2,233.39 in interest. Pursuant to section 1132, the Court is specifically directed to apply either the interest rate provided within the benefit plan, or, if none is so prescribed, the applicable rate under 26 U.S.C. § 6621. See United Assn. of Journeymen, Local 276 v. Babbit & Simmons, Inc., 1986 U.S. Dist. LEXIS 23890 (D. Mass. 1986). No interest rate is provided for in the Trust Agreement. The applicable interest rate under 26 U.S.C. § 6621 is the federal short-term interest rate plus 3 percent. The federal short-term interest for the applicable period is 1 percent per year. Accordingly, the applicable interest rate is 4 percent per year or $2,233.39.

**3. Liquidated Damages or Double Interest**

Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of 1) interest on the unpaid contributions or 2) liquidated damages provided under the

plan, not to exceed 20 percent. The interest on the unpaid contributions is $2,233.39. The Trust Agreement provides for liquidated damages in the amount of twenty percent of the unpaid contributions. The award of the greater of the two figures is mandated by the statute. United Assn. of Journeymen, Local 276 v. Babbit & Simmons, Inc., 1986 U.S. Dist. LEXIS 23890, 6-7 (D. Mass. 1986).

The liquidated damages provided for in the Trust Agreement are greater than the amount of interest owed. Accordingly, Defendant owes liquidated damages in the amount of $7,516.51.

**4. Attorney's Fees and Costs**

An award of attorney's fees is a mandatory remedy under section 1132. Here, Plaintiffs attorney's fees through 6/9/05 are $17,025.00 and costs are in the amount of $207.16.

**B. Defendant owes Plaintiff District Council No. 11 $86,375.41**

Defendant owes District Council No. 11 monies that it deducted from the paychecks of covered employees in the amount of $8,805.56. Rhode Island law provides that an interest rate of "twelve percent (12%) per annum…be included in the judgment entered [in a civil action.]" R.I. Gen. Laws § 9-21-10. Accordingly, Defendant owes Plaintiff District Council No. 11 $1,569.85 in interest. See Exhibit 3. R.I. Gen. Laws § 28-14-3.1 provides that, any employer who violated § 28-14-3 shall be

liable for an additional penalty in the amount of fifty dollars ($ 50.00) for each day beyond the thirty (30) day period during which he or she fails to transfer the funds it deducted from its employees' paychecks. Penalties in accordance with the aforementioned statutes are in the amount of $75,100. See Exhibit 3. Accordingly, the total amount owed to District Council No. 11 on behalf of its members is $86,375.41.

**Conclusion**

For the all of the foregoing reasons, Plaintiffs are entitled to the following damages:

1) ERISA Contributions for the period October 2003 through December 2003 in the amount of $37,582.53.

2) Interest on ERISA contributions in the amount of $2,233.39.

3) Liquidated damages on ERISA contributions in the amount of $7,516.51.

4) Dues (with interest and penalties) in the amount of $86,375.41.

5) Attorney fees through June 9, 2005 in the amount of $17,025.

7) Costs in the amount of $207.16.

Plaintiffs respectfully request that judgment be entered against Defendant in the amount of $150,939.99.

Respectfully Submitted
PLAINTIFFS
By their Attorney,

Elizabeth Wiens, Esq. #6827
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel. (401)294-4700
Fax. (401)294-4702

Dated: June 9, 2005

CERTIFICATION

I hereby certify that a true copy of the within was sent via first class, postage pre-paid mail on this 21 day of June, 2005 to the following parties:

Linn F. Freedman, Esq.
Nixon Peabody LLP
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903