UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, | C.A. No. 04-145ML |
| V. | |
| KEITH ROBINSON PAINTING, INC. | |
| V. | |
| O. AHLBORG & SONS, INC. | |

**STATEMENT OF MATERIAL FACTS IN DISPUTE**

Pursuant to Local Rule 12.1(a)(2), Keith Robinson Painting, Inc. ("Robinson") hereby submits this Statement of Material Facts in Dispute.

1. Whether or not O. Ahlborg & Sons, Inc. ("Ahlborg") is responsible to pay the outstanding amounts claimed by the union, based upon the agreement between Robinson and Ahlborg.

2. Whether or not Richard Trouve, the business representative for the union, was aware that Ahlborg had agreed to pay such expenses and dues directly to the union on behalf of the painters working on the job.

3. Whether or not Richard Trouve and/or the union sent invoices for union dues and fees directly to Ahlborg from June of 2003 through October of 2003.

4. Whether or not Ahlborg paid such dues and expenses for the union painters working on the JPI job from June of 2003 through October of 2003, which totaled approximately $160,000.

5. Whether or not Ahlborg stopped paying the dues and expenses, including to the Plaintiff, as agreed to in June of 2003.

6. Whether or not Richard Trouve kept the union painters on the job and could have pulled the union workers off the job when he became aware that Ahlborg had stopped paying the union dues and expenses of the painters.

7. Whether or not Mr. Trouve was aware of the fact that Robinson would not be able to pay the union dues and expenses for the union painters on the job because Ahlborg had not paid Robinson for any work performed since June of 2003.

8. Why Mr. Trouve made the decision to keep the union painters on the job knowing that Robinson could not pay the union dues and expenses and that Ahlborg had stopped paying the dues and expenses since October of 2003.

9. The substance of the conversations between Mr. Robinson and Mr. Trouve regarding the fact that Ahlborg was not paying the union dues and expenses and that Robinson was unable to do so as Ahlborg was not paying Robinson for work performed.

10. Whether or not Mr. Trouve continued to allow the union painters to work on the job and refused to remove them from the job.

11. Whether or not the union contract is unconscionable or a contract of adhesion.

12. Whether or not the union told Robinson that if union dues were not paid, that they would seek interest, penalties and attorneys' fees that add up to almost three times the amount of the principal amount owed.

13. Whether or not Mr. Trouve or any other union representative advised Robinson that the union would seek not only the principal amount, but interest, penalties and attorneys' fees that would add up to almost three times the principal amount owed as a result of Ahlborg's failure to pay the union dues.

14. Whether or not the union mitigated its damages and the impact of that failure on the computation of damages.

15. Whether or not Plaintiff is entitled to penalties, costs, and attorney's fees.

KEITH ROBINSON PAINTING, INC.

By Its Attorneys,

Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614

Date: July 26, 2005

**CERTIFICATION**

I hereby certify that on this 26th day of July, 2005, I caused a true copy of the within Statement of Material Facts in Dispute to be mailed to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Merida Dooris