UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO.11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195 HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195

v. C.A. No. 04-145ML

KEITH ROBINSON PAINTING, INC.

v.

O. AHLBORG & SONS, INC.

**MEMORANDUM AND ORDER**

This case is before the Court on a motion for summary judgment filed by Plaintiffs International Union of Painters & Allied Trades, District Council No. 11, *et. al.*[1] ("Union"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Union claims that Keith Robinson Painting Inc. ("Defendant") has not paid employee benefit fund contributions and

[1] Plaintiffs include the Union, certain employee benefit funds ("Funds") and the business representative of the Union.

union membership dues ("dues"). According to the Union, Defendant violated the parties' Collective Bargaining Agreement ("CBA"), as well as Federal and Rhode Island law, when Defendant failed (1) to make contributions to employee benefit funds and, (2) to transfer dues deducted from employees' wages to the Union. For the reasons set forth below, the Union's motion is DENIED.

## I. FACTS

Defendant, a painting subcontractor on a construction project, and the Union were parties to a CBA. The CBA required Defendant to make contributions to employee benefit funds, at a rate set by the CBA, for each hour worked by an employee covered under the CBA. The CBA also required Defendant to deduct dues from covered employees' wages and forward the dues to the Union.

From October through December 2003, covered employees performed services for Defendant. Defendant did not make employee benefit fund contributions during this period. During the same time period, although Defendant deducted dues from covered employees' wages, Defendant did not forward the dues to the Union. The Union claims Defendant owes $46,388.09 in delinquent fund contributions and dues, not including interest and penalties.[2]

Defendant claims that O. Ahlborg & Sons, Inc. ("Ahlborg"), the construction project general contractor and a third-party defendant in this action, is responsible for the delinquent fund contributions and dues. Defendant alleges that Ahlborg stopped paying for its services in June 2003. As a result, Defendant and representatives from Ahlborg entered into an agreement

[2]At oral argument on the motion for summary judgment, counsel for Plaintiffs withdrew the claim for penalties pursuant to R.I.G.L. § 28-14-3.1.

under which Defendant would continue providing services so long as Ahlborg paid "all costs and expenses associated with keeping men on the job, including union dues and fees." Defendant claims that the business representative for the Union was aware that Ahlborg agreed to pay the Union for the dues and expenses associated with the employees working on the project. Defendant alleges that the Union, and/or the business representative of the Union, invoiced Ahlborg directly for these payments from June to October 2003. Defendant alleges that during this time Ahlborg paid the Union approximately $160,000.

Defendant claims that in October 2003 Ahlborg stopped paying the Union. Defendant avers that the business representative of the Union knew that Ahlborg had stopped paying and that Defendant was unable to pay, however, the business representative of the Union chose to keep the employees on the construction project. Because Ahlborg stopped paying "as promised," and because the business representative of the Union did not "take[] the workers off the job," Defendant "walked off the job" on December 12, 2003.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the pertinent evidence is such that a rational fact finder could decide the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.), cert. denied, 515 U.S. 1103 (1995).

The moving party must demonstrate that no genuine issue of material fact exists. Id. at 735. "The initial burden of production imposed on the moving party is to make a prima facie showing that it is entitled to summary judgment and, where it is the moving party who will have the burden of persuasion at trial, the motion must be supported by credible evidence that would entitle it to a directed verdict if not uncontroverted at trial. Mercado Garcia v. Ponce Federal Bank, F.S.B., 779 F. Supp. 620, 625 (D. Puerto Rico 1991), aff'd, 979 F.2d 890 (1st Cir. 1992) (citation and internal quotation marks omitted). The court need not decide whether the moving party has satisfied the ultimate burden of persuasion unless the moving party has first satisfied the initial burden of production. Id. Once this burden has been met, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). It is the court's task to "determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999) (citation and internal quotation marks omitted). The court views all facts and draws all reasonable inferences in the light that is most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997).

Local Rule 12.1 requires that the moving party file a "concise statement of all material facts as to which he contends there is no genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(1). The nonmoving party must submit a similar statement identifying the facts "as to which he contends there is a genuine issue necessary to be litigated." D.R.I. Loc. R. 12.1(a)(2). The court may assume that the facts as claimed by the moving party exist unless they are

disputed by affidavit or by other evidence that the court may consider pursuant to Rule 56 of the Federal Rules of Civil Procedure. D.R.I. Loc. R. 12.1(d).

## III. DISCUSSION

The Funds argue that Defendant has violated 29 U.S.C. § 1145 by not making timely contributions. 29 U.S.C. § 1145 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Id. (emphasis added). Section 1145 creates a federal right of action independent of the contract pursuant to which the duty to contribute is based. Bakery and Confectionery Union and Industry International Pension Fund v. Ralph's Grocery Co., 118 F.3d 1018, 1021 (4th Cir. 1997). Section "1145 requires employers to make pension and welfare fund contributions as promised in collective bargaining agreements to the extent the terms of the agreement are not inconsistent with law." Suburban Teamsters of Northern Illinois Welfare & Pension Funds v. Moser, 867 F. Supp. 665, 668 (N.D. Ill. 1994). "[T]he purpose of [section 1145] is to simplify the process of delinquent contribution collection." Massachusetts Laborers' Health and Welfare Fund v. Explosives Engineering, Inc., 136 F.R.D. 24, 26 (D. Mass. 1991). Section 1145 permits "multiemployer plans to rely upon the terms of collective bargaining agreements and plans as written. . . ." Bakery and Confectionery Union and Industry International Health Benefits and Pension Funds v. New Bakery Co. Of Ohio, 133 F.3d 955, 959 (6th Cir. 1998) (citation and internal quotation marks omitted) (emphasis added).

Section "1145 gives a multiemployer plan greater rights . . . than the union itself, entitling

a plan to enforce the writing without regard to understandings or defenses applicable to the original parties." Central States, Southeast and Southwest Areas Pension Fund v. Schilli Corp., 420 F.3d 663, 670 (7th Cir. 2005) (citation and internal quotation marks omitted). Courts have construed section 1145 as limiting the defenses available to an employer in suits brought by an employee benefit plan for unpaid contributions. Explosives Engineering, Inc., 136 F.R.D. at 26. Courts have, generally, limited the available defenses to three: (1) the pension contributions are illegal, (2) the collective bargaining agreements is void (not voidable), and (3) the employees have voted to decertify the union as its bargaining representative. See generally Agathos v. Starlite Motel, 977 F.2d 1500, 1505 (3d Cir. 1992); see also Benson v. Brower's Moving and Storage, 907 F.2d 310, 314 (2d Cir.), cert. denied, 498 U.S. 982 (1990); Explosives Engineering, Inc., 136 F.R.D. at 26-27.

In order to prevail on a section 1145 claim, the Funds must establish (1) that they are multiemployer plans within the definition of ERISA, 29 U.S.C. § 1002(37)(A), (2) that Defendant is an employer obligated to pay contributions under the terms of the plans, and (3) that Defendant failed to pay contributions under the terms of the plans. New York State Teamsters Conference Pension & Retirement Fund v. Syracuse Movers, Inc., Nos. 5:02-CV-00733 (NPM), 5:03-CV-00842 (NPM), 2004 WL 2931663 (N.D.N.Y. Nov. 22, 2004); see also Board of Trustees of the California Metal Trades v. Steve Zappetini & Son, Inc., No. C-99-3823-VRW, 2000 WL 424190 (N.D. Cal. April 5, 2000); National Boilermaker Industrial Health and Welfare Joint Trust v. Servcote, Inc., No. 96 C 1281, 1997 WL 106107 (N.D. Ill. Feb. 11, 1997); Langone v. Russo Brothers, Inc., 964 F. Supp. 24, 28 (D. Mass. 1996) (noting in 29 U.S.C. § 1145 claim that the parties had stipulated that the fund was a multiemployer plan pursuant to 29 U.S.C. §

1002(37)(A)).

The language of section 1145 is clear; it applies to multiemployer plans. See 29 U.S.C. § 1145. In the complaint Plaintiffs have not set forth sufficient facts to establish that the employee benefit funds are multiemployer plans pursuant to 29 U.S.C. § 1002(37)(A). The Court has also reviewed the 12.1 statement and the affidavit from the Union's business representative – neither asserts that the employee benefit funds are multiemployer plans. Further, Plaintiffs fail to point to any provision of the CBA that would show that the employee benefit funds are multiemployer plans. Consequently, Plaintiffs have failed to establish that the employee benefit funds are multiemployer plans pursuant to 29 U.S.C. § 1002(37)(A). See generally Syracuse Movers, Inc., 2004 WL 2931663. Since Plaintiffs claim a right of contribution pursuant to 29 U.S.C. § 1145 and since they have not met the burden of demonstrating that the Funds are multiemployer plans under § 1145, this Court must deny the motion for summary judgment on the 29 U.S.C. § 1145 claim.

Plaintiffs next argue that the Union should be granted summary judgment pursuant to 29 U.S.C. § 185 and R.I.G.L. § 28-14-3 and § 28-14-3.1 as a result of Defendant's failure to remit the dues that were deducted from the covered employees' wages from October through December 2003. Since this claim is not made pursuant to 29 U.S.C. § 1145, that section's bar on defenses does not apply.

The CBA provides that "[n]othing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term." CBA Article XXV Section 2. According to Defendant, the business representative of the Union was aware that Ahlborg had agreed to pay the dues of the employees working on the project directly to the

Union. In fact, Defendant alleges that the Union and/or the business representative invoiced Ahlborg directly for the dues. Defendant also alleges that Ahlborg paid the Union approximately $160,000 from June to October 2003. Taking these facts and all reasonable inferences in the light most favorable to Defendant this Court finds that there are material facts in dispute which preclude the granting of Plaintiffs' motion on this aspect of its claim.

For the above reasons, the motion of Plaintiffs for entry of summary judgment is DENIED.

SO ORDERED

Mary M. Lisi

Mary M. Lisi
United States District Judge
December 30, 2005