UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195,

V.

KEITH ROBINSON PAINTING, INC.

V.

O. AHLBORG & SONS, INC.

C.A. No. 04-145ML

**DEFENDANT, KEITH ROBINSON PAINTING, INC.'S MOTION TO DETERMINE DISBURSEMENT OF SETTLEMENT PROCEEDS**

Defendant, Keith Robinson Painting, Inc. hereby requests that this Court make a determination with respect to limited settlement funds available to Keith Robinson Painting, Inc. in this matter. The reasons for the Motion and an outline of settlement proceeds and obligations of Keith Robinson Painting, Inc. are set forth in the accompanying Memorandum in Support of Motion to Determine Disbursement of Settlement Proceeds.

KEITH ROBINSON PAINTING, INC.

By Its Attorneys,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Date: August 2, 2006

## CERTIFICATION

I hereby certify that on this 2nd day of August, 2006, I caused a true copy of the within Defendant's Motion to Determine Disbursement of Settlement Proceeds to be filed electronically with the Court and sent by first-class mail to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Meride Dearins

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, | C.A. No. 04-145ML |
| V. | |
| KEITH ROBINSON PAINTING, INC. | |
| V. | |
| O. AHLBORG & SONS, INC. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DETERMINE DISBURSEMENT OF SETTLEMENT PROCEEDS**

In response to Plaintiffs' letter to the Court dated July 5, 2006 (see attached at Tab 1), Defendant, Keith Robinson Painting, Inc. ("Robinson") hereby respectfully requests assistance from this Honorable Court with respect to the disbursement of limited settlement funds available to Robinson as a result of negotiations with O. Ahlborg & Sons, Inc. ("Ahlborg").

As this Court is aware, Magistrate Judge Robert Lovegreen facilitated settlement discussions with the parties in this matter over one year ago. Despite vigorously denying any liability in the case, during settlement negotiations, Ahlborg agreed to pay a certain amount to settle the matter, but continued to request a global settlement of all claims pending between

Robinson and Ahlborg. In addition, Ahlborg agreed to provide certain funding to Robinson in order to satisfy some of its obligations with respect to outstanding attorneys' fees.

Plaintiffs refused to entertain settlement negotiations wherein it would receive less than one hundred percent (100%) of the amount owed in its claim against Robinson. As a result, settlement negotiations broke down and a settlement was not reached at that time.

Due to financial constraints, Robinson went out of business and Mr. Robinson, the principal of the company, moved away from Rhode Island. Robinson is no longer in business and has no assets. As a result of these financial constraints, Robinson does not have the financial wherewithal in order to proceed in arbitration against Ahlborg for any of the pending claims.

After protracted litigation and continued settlement negotiations over the past year between counsel for Robinson and counsel for Ahlborg, Robinson has agreed to enter into a settlement agreement with Ahlborg in the amount of $50,000 paid in staggered amounts between July, 2006 and December, 2006. Ahlborg has indicated that it will not pay any further amount toward a settlement and Robinson does not have the funds to further pursue this matter. The settlement includes dismissal of all pending actions, with the exception of the matter entitled Sherwin Williams Company v. Keith Robinson Painting, Inc. v. O. Ahlborg & Sons, Inc. pending in Providence Superior Court.

Unfortunately, $50,000 does not satisfy all of the outstanding debts of Keith Robinson Painting, Inc. and therefore, Robinson seeks an Order from the Court with respect to the disbursement of the settlement funds.

The outstanding debt of Keith Robinson Painting, Inc. with respect to the JPI job is as follows:

| | |
|---|---|
| Legal Fees and disbursements owed to Nixon Peabody LLP through July 31, 2006: | $47,995.87 |
| Consent Order entered into with Plaintiff: | $49,327.98 |
| Beacon Mutual Insurance Company (Judgment against Robinson pursuant to Motion for Summary Judgment) | $68,000.00 |
| Total | $165,323.85 |

Beacon Mutual has not indicated that it is legally seeking any portion of the settlement funds. A dismissal stipulation in the pending action in Kent County Superior Court has been executed, but not filed.

Counsel would like to remind this Honorable Court that it was due to the Plaintiffs' refusal to compromise this case over one year ago, that additional expenses and attorneys' fees were expended in this case. Further, the Order of Magistrate Judge Lovegreen regarding the Plaintiffs' Motion to Attach (see attached at Tab 2) does not specify that proceeds from a settlement must be deposited in the Registry of the Court, but only indicates that proceeds from the result of an arbitration shall be deposited with the Court. In this particular matter, Keith Robinson Painting, Inc. was unable to file for arbitration due to financial constraints. Accordingly, based upon the unambiguous reading of the Order, it is clear that the funds received in a settlement could be expended by Keith Robinson Painting, Inc. in any manner in which it so chose. However, out of an abundance of caution, counsel seeks assistance from the Court in determining the disbursement of the funds.

It is the position of Keith Robinson Painting, Inc. that the attorneys' fees should be paid out of the proceeds and that the Plaintiffs receive any funds after the attorneys' fees have been paid. It is due to the efforts of counsel that any settlement proceeds have been received at all.

For the foregoing reasons, Keith Robinson Painting, Inc. hereby requests an Order from this Court with respect to the disbursement of the settlement proceeds in this matter.

A conference is presently scheduled for this matter with the Honorable Court on Wednesday, August 9, 2006 at 9:30 a.m.

Respectfully submitted,
KEITH ROBINSON PAINTING, INC.

By Its Attorneys,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-Mail: lfreedman@nixonpeabody.com

Date: August 2, 2006

**CERTIFICATION**

I hereby certify that on this 2nd day of August, 2006, I caused a true copy of the within Defendant's Memorandum in Support of Motion to Determine Disbursement of Settlement Proceeds to be filed electronically with the Court and sent by first-class mail to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

**TAB 1**

# GURSKY LAW ASSOCIATES

July 5, 2006

The Honorable Judge Mary Lisi
United States District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

**Re: International Union of Painters & Allied Trades, District Council No. 11, et al.**
**v. Keith Robinson Painting, Inc.**
**v. O. Ahlborg & Sons, Inc.**
**C.A. No. 04-145ML**

Dear Judge Lisi:

I write to inform you, and remind the parties, of the Order entered by Magistrate Judge Robert Lovegreen on June 22, 2005 in the above-referenced case granting Plaintiffs' Motion to Attach any amounts received by Defendant Keith Robinson from Third-Party Defendant O. Ahlborg & Sons. The Motion to Attach was granted with the caveat that the proceeds of any litigation between the aforementioned parties be deposited in this Court's registry until such time as it is determined who is entitled to the funds.

Please contact me if you have any questions regarding the foregoing.

Very truly yours,

Elizabeth A. Wiens

cc: Scott Duhamel
Linn F. Freedman, Esq.
John E. Bulman, Esq.

420 Scrabbletown Road Suite C • North Kingstown, Rhode Island 02852
Tel: 401.294.4700 • Fax: 401.294.4702 • Email: rilaborlaw@aol.com

**<u>TAB 2</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED
JUN 22 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195 HEALTH AND WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, Plaintiffs, | C.A. No. 04-145ML |
| v. | |
| KEITH ROBINSON PAINTING, INC., Defendant. | |

**ORDER GRANTING PLAINTIFFS' MOTION TO ATTACH**

This matter came on for hearing before U.S. District Court Magistrate Judge Robert W. Lovegreen on June 7 and June 16, 2005. After hearing thereon, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

Plaintiffs' Motion to Attach is granted with the following conditions:

1. Any proceeds of the arbitration between O. Ahlborg & Sons, Inc. and Keith Robinson Painting, Inc. shall be immediately deposited in this Court's registry.

2. Magistrate Judge Lovegreen expresses no opinion as to which party is entitled to the proceeds of the arbitration or which party has priority over the proceeds of the arbitration.

ENTER:

Robert W. Lovegreen USMJ
6/22/05

PER ORDER:

Barbara Barletta

Presented by:

Elizabeth Wiens, Esq. (#6827)
Gursky Law Associates
420 Scrabbletown Rd. Ste. C
N. Kingstown, RI 02852
Tel. (401) 294-7400
Fax.(401) 294-7402

CERTIFICATION

I hereby certify that on the 21 day of June, 2005, I mailed a true copy of the within document, postage pre-paid, to:

Ian C. Ridlon
Nixon Peabody LLP
1 Citizens Plaza, 7th Floor
Providence, Rhode Island 02903

Joseph P. Quinn, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

Kemi L Karwoski