UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195, | C.A. No. 04-145ML |
| V. | |
| KEITH ROBINSON PAINTING, INC. | |
| V. | |
| O. AHLBORG & SONS, INC. | |

**DEFENDANT, KEITH ROBINSON PAINTING, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO DISBURSE FUNDS AND CROSS MOTION TO DISBURSE FUNDS**

Defendant, Keith Robinson Painting, Inc. hereby objects to the Plaintiff's Motion to Disburse Funds and further, moves this Honorable Court for an Order disbursing the settlement proceeds in this matter to the law firm of Nixon Peabody LLP, for legal services rendered to the Defendant. The reasons for this Objection and Cross-Motion and an outline of settlement

proceeds and obligations of Keith Robinson Painting, Inc. are set forth in the accompanying Memorandum in Support of Objection and Cross-Motion to Disburse Funds.

KEITH ROBINSON PAINTING, INC.

By Its Attorneys,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Date: October 31, 2006

**CERTIFICATION**

I hereby certify that on this 31st day of October, 2006, I caused a true copy of the within Defendant's Objection to Motion to Disburse Funds and Cross-Motion to Disburse Funds to be filed electronically with the Court and sent by first-class mail to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195,

V.

KEITH ROBINSON PAINTING, INC.

V.

O. AHLBORG & SONS, INC.

C.A. No. 04-145ML

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO DISBURSE FUNDS AND CROSS-MOTION TO DISBURSE FUNDS**

The Defendant, Keith Robinson Painting, Inc., ("Robinson") provides the following Memorandum in Support of its Objection to Plaintiffs' Motion to Disburse Funds and Cross-Motion to Disburse Funds. As this Court is aware, Magistrate Judge Robert Lovegreen facilitated settlement discussions with the parties in this matter over one year ago. Despite vigorously denying any liability in the case, during settlement negotiations, O. Ahlborg & Sons, ("Ahlborg") agreed to pay a certain amount to settle the matter, but continued to request a global settlement of all claims pending between Robinson and Ahlborg. In addition, Ahlborg agreed to provide certain funding to Robinson in order to satisfy some of its obligations with respect to

outstanding attorneys' fees. Plaintiffs refused to entertain settlement negotiations wherein they would receive less than one hundred percent (100%) of the amount owed in the claim against Robinson. As a result, settlement negotiations broke down and a settlement was not reached at that time. In addition, the failure of Plaintiffs to engage in settlement negotiations necessitated further expenditure of funds by Robinson for legal fees to continue to defend itself in the litigation.

Due to financial constraints, Robinson went out of business and Mr. Robinson, the principal of the company, moved away from Rhode Island. Robinson is no longer in business and has no assets. As a result of these financial constraints, Robinson does not have the financial wherewithal to proceed in arbitration against Ahlborg for any of the pending claims.

After protracted litigation and continued settlement negotiations over the past year between counsel for Robinson and counsel for Ahlborg, Robinson has agreed to enter into a settlement agreement with Ahlborg in the amount of $50,000, paid in staggered amounts between September, 2006 and December, 2006. Ahlborg has indicated that it will not pay any further amount toward a settlement and Robinson does not have the funds to further pursue this matter. The settlement includes dismissal of all pending actions, with the exception of the matter entitled Sherwin Williams Company v. Keith Robinson Painting, Inc. v. O. Ahlborg & Sons, Inc. pending in Providence Superior Court. To date, the Court has received two (2) checks from Ahlborg in the amount of $12,500 each. Accordingly, the total amount of the settlement proceeds have not yet been received by the Court as of the date of the Plaintiffs' Motion, and therefore, the Plaintiffs' Motion is premature.

The outstanding debt of Keith Robinson Painting, Inc. with respect to the Jefferson Place job that is the subject of the instant litigation is as follows:

| | |
|---|---|
| Legal Fees and disbursements owed to Nixon Peabody LLP through October 30, 2006: (approximate) | $50,998.87 |
| Consent Order entered into with Plaintiff: | $49,327.98 |
| Beacon Mutual Insurance Company (Judgment against Robinson pursuant to Motion for Summary Judgment) | $68,000.00 |
| Total | $168,326.85 |

Beacon Mutual has not indicated that it is legally seeking any portion of the settlement funds. Clearly, Robinson's debt greatly exceeds the settlement that counsel was able to negotiate with Ahlborg.

Counsel would like to remind this Honorable Court that it was due to the Plaintiffs' refusal to compromise this case over one year ago, that additional expenses and attorneys' fees were expended in this case. Further, the Order of Magistrate Judge Lovegreen regarding the Plaintiffs' Motion to Attach does not specify that proceeds from a settlement can be attached or claimed by Plaintiffs, but only indicates that proceeds from the result of an arbitration shall be deposited with the Court. In this particular matter, Keith Robinson Painting, Inc. was unable to file for arbitration due to financial constraints. Accordingly, based upon the unambiguous reading of the Order, it is clear that the funds received in a settlement could be expended by Robinson to pay for the legal fees expended to negotiate the settlement and defend it in the protracted litigation by the Union.

It is the position of Robinson that the attorneys' fees should be paid out of the settlement proceeds and that the Plaintiffs receive the funds remaining, if any, after the attorneys' fees have been paid. It is due to the efforts of counsel that any settlement proceeds have been received at all.

For the foregoing reasons, Keith Robinson Painting, Inc. hereby requests an Order from this Court with respect to the disbursement of the settlement proceeds in this matter to Nixon Peabody, LLP at such time as all such settlement proceeds have been received by the Court.

Respectfully submitted,
KEITH ROBINSON PAINTING, INC.

By Its Attorneys,

/s/ Linn F. Freedman

Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-Mail: lfreedman@nixonpeabody.com

Date: October 31, 2006

## CERTIFICATION

I hereby certify that on this 31st day of October, 2006, I caused a true copy of the within Defendant's Memorandum in Support of Objection to Motion to Disburse Funds and Cross-Motion to Disburse Funds to be filed electronically with the Court and sent by first-class mail to the following:

Elizabeth Wiens, Esq.
Gursky Law Associates
420 Scrabbletown Rd., Suite C
North Kingstown, RI 02852

John E. Bulman, Esq.
Little, Medeiros, Kinder, Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903

/s/ Linn F. Freedman