UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES, DISTRICT COUNCIL NO. 11; DISTRICT COUNCIL NO. 11 APPRENTICESHIP & TRAINING FUND; DISTRICT COUNCIL NO. 11 LABOR MANAGEMENT PARTNERSHIP FUND; RHODE ISLAND PAINTERS & ALLIED TRADES, LOCAL UNION 195, HEALTH & WELFARE FUND; and RICHARD J. TROUVE, in his official capacity as Business Representative for District Council No. 11 and Painters Local 195 | : | |
| v. | : | C.A. No. 04-145ML |
| KEITH ROBINSON PAINTING, INC. | : | |
| v. | : | |
| O. AHLBORG & SONS, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion to Disburse Funds (Document No. 52), and Keith Robinson Painting, Inc.'s ("Robinson") Objection and Cross-Motion to Disburse Funds. (Document No. 53). These Motions have been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). A hearing was held on December 4, 2006. For the reasons discussed below, Plaintiffs' Motion is GRANTED and Defendant's Motion is DENIED.

This litigation arises from the Jefferson Place Apartments construction project which took place in Providence. Plaintiffs commenced this action against Robinson, the painting subcontractor on the project, to collect union does and benefit fund contributions, interest and penalties they allege

were unpaid for work performed on the project by union painters during the period October 2003 through December 2003. Robinson, in turn, filed a Third-Party Complaint against O. Ahlborg & Sons, Inc. ("Ahlborg"), the general contractor on the project, seeking to obtain monies it alleges Ahlborg owed to it for work performed under the painting subcontract. (Document No. 4).

In June 2005, the parties appeared before Magistrate Judge Lovegreen regarding Plaintiffs' Motion for Prejudgment Attachment. Plaintiffs claimed a strong likelihood of success on the merits and a need for security given Robinson's precarious financial situation. Document No. 20. Plaintiffs sought to attach Robinson's assets, "including those assets in the possession of" Ahlborg. Id. In objecting to Plaintiffs' Motion, Robinson argued that, "depending on the outcome of any settlement with Ahlborg and/or a judgment against Ahlborg after arbitration, Robinson will pay creditors who are owed from the arbitration award, and attorney's fees will be paid from the proceeds as well." See Document No. 28 at 2. Following that hearing, Judge Lovegreen granted Plaintiffs' Motion "with conditions" and, in part, ordered that "[a]ny proceeds of the arbitration between O. Ahlborg & Sons, Inc. and Keith Robinson Painting, Inc. shall be immediately deposited into this Court's registry." See Document Nos. 32 and 33. Judge Lovegreen's Order also stated that the Court "expresses no opinion as to which party is entitled to the proceeds of the arbitration or which party has priority over the proceeds of the arbitration." Id.

Throughout the past year, the disputed claims between both Plaintiffs and Robinson, and Robinson and Ahlborg have been litigated and resolved. First, in February 2006, Judge Lisi entered a Consent Order and Judgment in this case against Robinson and in favor of Plaintiffs for unpaid contributions, interest and penalties, in the total amount of $49,327.98. See Document No. 45.

Next, the claims brought by Robinson against Ahlborg were resolved by settlement in September 2006. See Document No. 49, Ex. 1. The settlement called for Ahlborg to make four payments of $12,500, for a total of $50,000, in exchange for a release from Robinson. Apparently, because entitlement to the funds was disputed, Ahlborg and Robinson jointly moved that the Court permit the deposit of the settlement proceeds into the Court's Registry. See Document No. 50. That Joint Motion was Granted by Judge Lisi on October 10, 2006. See Document No. 51. Plaintiffs are now before the Court seeking disbursement of the funds in the Court's Registry to them in order to satisfy the valid and binding judgment they obtained against Robinson. Robinson objects to the Motion, arguing that the Motion is premature because all of the deposits have not been placed into the Court's Registry. Robinson also states that the legal fees and disbursements owed to Robinson's attorneys as of October 30, 2006 total $50,998.87, and argues that "the attorneys fees should be paid out of the settlement proceeds and that the Plaintiffs receive the funds remaining, if any, after the attorneys' fees have been paid." See Document No. 53. In its Cross-Motion to Disburse, Robinson requests an order directing that the funds be disbursed directly to the law firm of Nixon Peabody LLP, a non-party to this case, for legal services rendered to Robinson in this case and related litigation. Finally, Robinson argues that Judge Lovegreen's Order regarding Plaintiff's Motion to Attach only states that "proceeds" from an arbitration shall be deposited with the Court, but that the disputed funds in this case resulted from a settlement, and are not "proceeds" subject to his Order.

The arguments made by Robinson are unavailing. First, the Court rejects the contention that Plaintiffs' Motion is premature. The liability issues in this case between Plaintiffs and Robinson have reached conclusion and the only pending issue is the distribution of the money in the Court's Registry. Moreover, upon a review of the docket, it appears that Ahlborg has made its last deposit

of $12,500.00 into the Court's Registry, thus the total deposited is $50,000.00. The argument that the Motion is premature is therefore moot.

With respect to the request that the funds be disbursed to Robinson's attorneys, in order to grant such a request, the Court would have to decline to use those funds to satisfy a valid and binding judgment, and instead disburse all of the funds to the unsuccessful lawyers for Defendant to satisfy unpaid legal fees. Robinson's attorneys have provided no legal support for such an unusual request and in addition, counsel has provided no documentation evidencing the claimed legal fees or any authorization from Robinson that the money be disbursed to its attorneys and not to Robinson.

Robinson offers no legal support for its argument that a losing party's attorneys' fees should be given priority over a monetary judgment. Robinson makes essentially an equitable argument that Plaintiffs' refusal to compromise its demand and settle earlier on terms more favorable to Robinson was unreasonable and increased Robinson's legal expenses. It also argues that Robinson was "forced" to agree to the Consent Judgment in this case and the settlement with Ahlborg because it did not have the "financial wherewithal" to litigate those claims. While Robinson may well have been in an economically vulnerable position in this case, Robinson has provided no legal basis for its request that this Court ignore a valid, binding and unsatisfied judgment and either disburse the money to the judgment debtor's lawyers or arbitrarily carve up the funds between the parties.[1] Robinson is asking this Court to effectively set aside the Consent Judgment and impose a settlement on the parties which is reasonable in Robinson's eyes. This Court sees no valid factual or legal basis for such extraordinary relief.

---

[1] At the hearing, Robinson's counsel proposed that $10,000.00 be disbursed to Plaintiff and $40,000.00 to Robinson (not Nixon Peabody, LLP as originally requested in the Cross-Motion to Disburse).

Robinson's argument that Judge Lovegreen's Order does not apply to the funds at issue is unsupportable. Robinson was compelled to arbitrate its claim against Ahlborg but ultimately settled the matter without conducting an arbitration. This Court finds that the proceeds from the settlement between Robinson and Ahlborg are equivalent to the proceeds of any arbitration. Moreover, the second paragraph of Judge Lovegreen's Order of attachment was made at a time when the claims between Plaintiffs and Robinson were still disputed, and thus there was a possibility that Robinson would prevail and have no liability to Plaintiffs. As noted, the posture of the case has changed significantly since Judge Lovegreen's Pre-Judgment Attachment Order was issued. Most significantly, on February 16, 2006, Judge Lisi entered Judgment for Plaintiff and against Robinson for $49,327.98.

Plaintiffs are entitled to satisfaction of their Judgment out of the sum currently in the Court's Registry. The Clerk shall disburse $49,327.98 of the $50,000.00 held in the Court's Registry to Plaintiffs, and the remainder shall be forwarded to Robinson. For all of these reasons, Plaintiffs' Motion to Disburse (Document No. 52) is GRANTED and Robinson's Cross-Motion to Disburse (Document No. 53) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 21, 2006